Curia, per
Frost, J.
The defendant’s first, third, fourth and sixth grounds of appeal, present only one distinct question of law — whether, on proof that, the defendant had removed the breast of the mill maliciously, the plaintiff might recover vindictive damages.
Damages are defined to be pecuniary compensation for an injury, recovered in an action at law. The rules which regulate the amount to be recovered, vary according to the forms of .action and the circumstances of the injury complained of. But in every modification of them, the principle of compensation is observed. In trover, detinue and replevin, in which the recovery of personal property wrongfully withheld is sought, the measure of damages is the value of the property, and of the use of it during the time it has been wrongfully withheld. And in those cases of tort, in which the law has not laid down any certain rule by which to estimate the amount of damages, because they *616 are too vague and uncertain, and depending on too great a variety of facts and circumstances, to be comprehended in any rule, the principle of compensation is still preserved by restraint on the allowance of damages in such cases, that they shall not be unreasonable or excessive.
An action oh the case is said, by Lord Mansfield, in Randall vs. Bird, 3 Bur. 1353, to be “founded in the justice and conscience of the plaintiff s case ; so that whatever will, in equity and conscience, according to the circumstances of the case, bar the plaintiff’s recovery, may be given in evidence by the defendant.” The damages for torts to real and personal property, in this form of action, according to Tidd, “are proportioned to the injury complained of; and when the action will admit of it, they should be such as will put the plaintiff, as nearly as may be, in the same situation as he would have been if the injury had not been committed, or otherwise will afford him a reasonable satisfaction for the loss or inconvenience he has sustained.” Tidd’s Pretc. 884, (9th London edi.) “This rule applies equally, whether the action arises from malfeasance, misfeasance, or nonfeasance.” It is only in actions for injuries affecting character, that malice enters directly into the estimate of damages; in these it is the criterion of actionable wrong, and a measure of the injury the plaintiff has sustained. In other actions, the malice of the defendant, in committing a tort, is not recognized as an element of damage, though it may, and does, tend to enhance, with the jury, the allowance to the plaintiff for such acts as are properly subjects of damage. In an action on the case by one tenant in common, against his co-tenant, for any act destructive of the common property, the extent of the loss may be estimated in money, and the measure of damages is indemnity or satisfaction to the plaintiff. In this case, the operation of the mill was suspended. The pecuniary loss to the plaintiff is easily ascertained. Compensation for that loss will put the plaintiff in the same situation he would have been in if the injury alleged had not been committed, and brings his case within the rule laid down by Tidd.
The fifth ground of appeal presents a mixed question of law and fact. On the point of law, it is sufficient to remark *617 that the charge and duty of making indispensable repairs to the common property, devolves equally on the co-tenants. If one refuses to unite with the others, in making the repairs necessary to the use of the property, he cannot maintain an action against them for the loss sustained through want of such repairs, because no action lies where the damage happens by the negligence or default of the plaintiff himself.
The motion is granted.
Richardson, Q’Neall, Evans, Butler and Wardl4W? . JJ. concurred.